

LAW OFFICES OF DALE K. GALIPO
Dale K. Galipo, Esq. (SBN 144074)
dalekgalipo@yahoo.com
21800 Burbank Boulevard, Suite 310
Woodland Hills, CA 91367
Telephone: (818) 347-3333
Facsimile: (818) 347-4118

LAW OFFICES OF VICKI I. SARMIENTO
Vicki I. Sarmiento, Esq. (SB 134047)
vsarmiento@vis-law.com
333 N. Garfield Avenue
Alhambra, CA 91801
Telephone: (626) 308-1171
Facsimile: (626) 308-1101



FILED
CLERK, U.S. DISTRICT COURT

DEC - 4 2013

CENTRAL DISTRICT OF CALIFORNIA
BY                        DEPUTY

*Attorneys for Plaintiffs,*
N.S.A. and J.G.A., both as minors by and through their guardian ad litem Crystal
Marmolejo, in each case individually and as a successor in interest to Rigoberto
Arceo, deceased; ALFREDO ARCEO, individually; MARTHA TRUJILLO,
individually; MARIA ARCEO, individually; and PATRICIA ARCEO, individually

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

N.S.A. and J.G.A., both as minors by and
through their guardian ad litem Crystal
Marmolejo, in each case individually and
as a successor in interest to Rigoberto
Arceo, deceased; ALFREDO ARCEO,
individually; MARTHA TRUJILLO,
individually; MARIA ARCEO,
individually; and PATRICIA ARCEO,
individually,

          Plaintiffs,

    vs.

COUNTY OF LOS ANGELES;
DEPUTY L. MENDOZA; DEPUTY J.
GILDO; and DOES 1-10, inclusive,

          Defendants.

Case No. CV13-8812 (MMM) (JCGx)

**COMPLAINT FOR DAMAGES**

1. Unreasonable Search and Seizure—Detention and Arrest (42 U.S.C. § 1983)
2. Unreasonable Search and Seizure—Excessive Force (42 U.S.C. § 1983)
3. Unreasonable Search and Seizure—Denial of Medical Care (42 U.S.C. § 1983)
4. Substantive Due Process—(42 U.S.C. § 1983)
5. Municipal Liability for Unconstitutional Custom, Practice, or Policy—(42 U.S.C. § 1983)
6. Wrongful Death
7. Battery (Wrongful Death)
8. Negligence (Wrongful Death)
9. Negligence-Bystander

**DEMAND FOR JURY TRIAL**



LODGED
CLERK, U.S. DISTRICT COURT

NOV 2 7 2013

CENTRAL DISTRICT OF CALIFORNIA
BY                        DEPUTY

COMPLAINT FOR DAMAGES

## COMPLAINT FOR DAMAGES

N.S.A. and J.G.A., both as minors by and through their guardian ad litem Crystal Marmolejo, in each case individually and as a successor in interest to Rigoberto Arceo, deceased; ALFREDO ARCEO, individually, MARTHA TRUJILLO, individually, MARIA ARCEO, individually, and PATRICIA ARCEO, individually, for their Complaint against Defendants COUNTY OF LOS ANGELES, DEPUTY L. MENDOZA, DEPUTY J. GILDO, and DOES 1-10, inclusive, allege as follows:

### JURISDICTION AND VENUE

1.      This Court has original jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1343(a)(3)-(4), because Plaintiffs assert claims arising under the laws of the United States, including 42 U.S.C. § 1983 and the Fourth and Fourteenth Amendments of the United States Constitution.  This Court has supplemental jurisdiction over Plaintiffs' claims arising under state law pursuant to 28 U.S.C. § 1367(a), because those claims are so related to the federal claims that they form part of the same case or controversy under Article III of the United States Constitution.

2.      Venue is proper in this Court under 28 U.S.C. § 1391(b), because Defendants reside in this district, and all incidents, events, and occurrences giving rise to this action occurred in this district.

///

///

COMPLAINT FOR DAMAGES

## **PARTIES**

3. At all relevant times, decedent Rigoberto Arceo was an individual residing in the County of Los Angeles, California.

4. Plaintiff N.S.A. is a minor individual residing in the County of Los Angeles, California and is the natural born child of DECEDENT. N.S.A. sues by and through his *Guardian Ad Litem* Crystal Marmolejo, both in his individual capacity as the child of DECEDENT and in a representative capacity as a successor in interest to DECEDENT pursuant to California Code of Civil Procedure § 377.60(a). N.S.A. seeks both survival and wrongful death damages under federal and state law.

5. Plaintiff J.G.A. is a minor individual residing in the County of Los Angeles, California and is the natural born child of DECEDENT. J.G.A. sues by and through her *Guardian Ad Litem* Crystal Marmolejo, both in her individual capacity as the child of DECEDENT and in a representative capacity as a successor in interest to DECEDENT pursuant to California Code of Civil Procedure § 377.60(a) . J.G.A. seeks both survival and wrongful death damages under federal and state law.

6. Plaintiff ALFREDO ARCEO is an individual residing in the County of Los Angeles, California and is the father of DECEDENT. ALFREDO ARCEO sues both in his individual capacity as the father of DECEDENT.  ALFREDO ARCEO seeks wrongful death damages under federal law.

///

COMPLAINT FOR DAMAGES

7. Plaintiff MARTHA TRUJILLO is an individual residing in the County of Los Angeles, California and is the mother of DECEDENT. MARTHA TRUJILLO sues in her individual capacity and seeks wrongful death damages under federal law.

8. Plaintiff MARIA ARCEO is an individual residing in the County of Los Angeles, California. MARIA ARCEO sues in her individual capacity.

9. Plaintiff PATRICIA ARCEO is an individual residing in the County of Los Angeles, California. PATRICIA ARCEO sues in her individual capacity.

10. Defendants DEPUTY L. MENDOZA, DEPUTY J. GILDO, and DOE DEPUTIES are sheriff's deputies for the Los Angeles County Sheriff's Department ("LASD"). At all relevant times, DEPUTY MENDOZA, DEPUTY GILDO, and DOE DEPUTIES were acting under color of law within the course and scope of their duties as sheriff's deputies for the LASD. MENDOZA, GILDO, and DOE DEPUTIES were acting with the complete authority and ratification of their principal, Defendant COUNTY.

11. Defendants DOES 6 to 8 are supervisorial officers for the LASD who were acting under color of law within the course and scope of their duties as sheriff's deputies for the LASD. DOES 6 to 8 were acting with the complete authority and ratification of their principal, Defendant COUNTY.

12. Defendants DOES 9 to 10 are managerial, supervisorial, and policymaking employees of the LASD, who were acting under color of law within the course and scope of their duties as managerial, supervisorial, and policymaking

-4-

employees for the LASD.  DOES 9 to 10 were acting with the complete authority and ratification of their principal, Defendant COUNTY.

13. On information and belief, DEPUTY L. MENDOZA, DEPUTY J. GILDO, and DOES 1 to 10 were residents of the County of Los Angeles.

14.  At all relevant times, Defendant COUNTY is and was a duly organized public entity, form unknown, existing under the laws of the State of California. COUNTY is a chartered subdivision of the State of California with the capacity to be sued. COUNTY is responsible for the actions, omissions, policies, procedures, practices, and customs of its various agents and agencies, including the LASD and its agents and employees. At all relevant times, Defendant COUNTY was responsible for assuring that the actions, omissions, policies, procedures, practices, and customs of the LASD and its employees and agents complied with the laws of the United States and of the State of California. At all relevant times, COUNTY was the employer of Defendants DEPUTY L. MENDOZA, DEPUTY J. GILDO, and DOE DEPUTIES.

15. In doing the acts and failing and omitting to act as hereinafter described, Defendants DEPUTY MENDOZA, DEPUTY J. GILDO, and DOES 1 to 10 were acting on the implied and actual permission and consent of the COUNTY.

16. The true names and capacities—whether individual, corporate, association or otherwise—of Defendants DOES 1 to 10, inclusive, are unknown to

-5-

Plaintiffs, who otherwise sue these Defendants by such fictitious names. Plaintiffs will seek leave to amend this complaint to show the true names and capacity of these Defendants when they have been ascertained. Each of the fictitiously-named Defendants is responsible in some manner for the conduct or liabilities alleged herein.

17. All of the acts complained of herein by Plaintiffs against Defendants were done and performed by said Defendants by and through their authorized agents, servants, and/or employees, all of whom at all relevant times herein were acting within the course, purpose, and scope of said agency, service, and/or employment capacity. Moreover, Defendants and its agents ratified all of the acts complained of herein.

18. All Defendants who are natural persons, including DEPUTY L. MENDOZA, DEPUTY J. GILDO, and DOES 1 to 10, are sued individually and/or in his/her official capacity as officers, sergeants, captains, commanders, supervisors, and/or civilian employees, agents, policy makers, and representatives for the LASD.

19. Rigoberto Arceo died as a direct and proximate result of the actions of Defendants DEPUTY L. MENDOZA, DEPUTY J. GILDO and DOE DEPUTIES. Defendants DOE DEPUTIES are directly liable for Plaintiffs' injuries under federal law pursuant to 42 U.S.C. § 1983. Defendant COUNTY is liable for Plaintiffs' injuries under California law and under the doctrine of *respondeat superior*.

Liability under California law for public entities and public employees is based upon California Government Code §§ 815.2 and 820.

21.  On August 6, 2013, Plaintiffs filed comprehensive and timely claims for damages with the County of Los Angeles pursuant to applicable sections of the California Government Code.

22.  On August 13, 2013, the County of Los Angeles denied said claims by operation of law.

23.  On September 30, 2013, Plaintiff Martha Trujillo filed an amendment to her original claim filed on August 6, 2013.  By operational law, Martha Trujillo's claim was deemed denied on November 11, 2013.

24.  On October 11, 2013 Patricia Arceo filed a timely claim under the applicable sections of the California Government Code.  On October 22, 2013, the County of Los Angeles denied Patricia Arceo's claim.

## FACTS COMMON TO ALL CLAIMS FOR RELIEF

25.  Plaintiffs repeat and reallege each and every allegation in paragraphs 1 through 24 of this Complaint with the same force and effect as if fully set forth herein.

26. On May 11, 2013 at approximately 10:00 p.m., DEPUTY L. MENDOZA and DEPUTY J. GILDO, along with DOE DEPUTIES, stopped a vehicle driven by MARIA ARCEO, DECEDENT's sister, near the 4400 block of Elizabeth Street, in the City of Cudahy and County of Los Angeles. DEPUTY L.

COMPLAINT FOR DAMAGES

MENDOZA exited his marked patrol vehicle and withdrew his firearm.  In compliance with DEPUTY MENDOZA's commands, DECEDENT exited MARIA ARCEO's vehicle from the front passenger door and walked toward the rear of the vehicle with his hands up.  At that time, DEPUTY L. MENDOZA fired a single shot at DECEDENT, killing him.

27.  Plaintiff MARIA ARCEO was present at the scene of the shooting when the shooting occurred. MARIA ARCEO was aware that DECEDENT was being injured at the time of the shooting.

28.  Plaintiffs MARTHA TRUJILLO and PATRICIA ARCEO were also present near the scene of the shooting when the shooting occurred.  MARTHA TRUJILLO and PATRICIA ARCEO were aware that DECEDENT was being injured at the time of the shooting.

29.  DECEDENT Rigoberto Arceo sustained injuries, including but not limited to pain and suffering, loss of enjoyment of life, and death when he was shot by DEPUTY L. MENDOZA, a deputy with the LASD who was acting under color of law and as an employee of the LASD.  Defendants DOES 1-5, inclusive, integrally participated in or failed to intervene in the shooting.

30.  The use of deadly force against DECEDENT was excessive and objectively unreasonable under the circumstances because at all relevant times DECEDENT was complying with the deputy's commands, was unarmed, and posed no threat to DEPUTY L. MENDOZA, DEPUTY J. GILDO, or any other individual.

COMPLAINT FOR DAMAGES

31.  Upon information and belief, after being shot, DECEDENT was immobile, bleeding, and in obvious and critical need of emergency medical care and treatment. Defendants MENDOZA, GILDO, and DOE DEPUTIES did not timely summon medical care or permit medical personnel to treat DECEDENT. The delay of medical care to DECEDENT caused DECEDENT extreme physical and emotional pain and suffering, and was a contributing cause of DECEDENT's death.

32.  Plaintiffs J.G.A. and N.S.A. are DECEDENT's successors in interest as defined in Section 377.11 of the California Code of Civil Procedure and succeed to DECEDENT's interest in this action as the biological children of DECEDENT.

## FIRST CLAIM FOR RELIEF

**Unreasonable Search and Seizure—Detention and Arrest (42 U.S.C. § 1983)**

(By Plaintiffs N.S.A. and J.G.A. against Defendants

DEPUTY L. MENDOZA, DEPUTY J. GILDO, and DOE DEPUTIES)

33.  Plaintiffs repeat and re-allege each and every allegation in paragraphs 1 through 32 of this Complaint with the same force and effect as if fully set forth herein.

34. Defendants DEPUTY L. MENDOZA, DEPUTY J. GILDO and DOE DEPUTIES detained DECEDENT without reasonable suspicion and arrested him without probable cause.

///

///

-9-

35.  During the attempted unlawful detention and/or arrest, DECEDENT was shot and thereafter handcuffed in violation of DECEDENT's right to be secure in his person against unreasonable searches and seizures as guaranteed to DECEDENT under the Fourth Amendment to the United States Constitution and applied to state actors by the Fourteenth Amendment.

36. As a result of their misconduct, Defendants DEPUTY L. MENDOZA, DEPUTY J. GILDO, and DOE DEPUTIES are liable either because they were integral participants in the wrongful detention and arrest, or because they failed to intervene to prevent these violations.

37.  The conduct of Defendants DEPUTY L. MENDOZA, DEPUTY J. GILDO, and DOE DEPUTIES was willful, wanton, malicious, and done with reckless disregard for the rights and safety of DECEDENT and therefore warrants the imposition of exemplary and punitive damages as to Defendants DEPUTY L. MENDOZA, DEPUTY J. GILDO, and DOE DEPUTIES.

38. Plaintiffs N.S.A. and J.G.A. bring this claim in each case as a successor in interest to DECEDENT, and in each case seek survival and wrongful death damages under this claim for relief.

39. Plaintiffs also seek attorney fees under this claim.

///

///

///

-10-

## SECOND CLAIM FOR RELIEF

**Unreasonable Search and Seizure—Excessive Force (42 U.S.C. § 1983)**

(By Plaintiffs N.S.A. and J.G.A. against Defendant DEPUTY L. MENDOZA)

40. Plaintiffs repeat and reallege each and every allegation in paragraphs 1 through 39 of this Complaint with the same force and effect as if fully set forth herein.

41. Defendant DEPUTY L. MENDOZA's unjustified shooting deprived DECEDENT of his right to be secure in his person against unreasonable searches and seizures as guaranteed to DECEDENT under the Fourth Amendment to the United States Constitution and applied to state actors by the Fourteenth Amendment.

42. Defendant DEPUTY L. MENDOZA's shooting was excessive and objectively unreasonable because DECEDENT was unarmed, did not pose a threat to anyone, and had his hands up when he was unjustifiably shot.

43. As a result of the foregoing, DECEDENT suffered great physical pain and emotional distress up to the time of his death, loss of enjoyment of life, loss of life, and loss of earning capacity.

44. The conduct of Defendant DEPUTY L. MENDOZA was willful, wanton, malicious, and done with reckless disregard for the rights and safety of DECEDENT and therefore warrants the imposition of exemplary and punitive damages.

45.  Plaintiffs N.S.A. and J.G.A. bring this claim in each case as a successor in interest to DECEDENT, and in each case seek survival and wrongful death damages under this claim for relief.

46.  Plaintiffs also seek attorney fees under this claim.

### THIRD CLAIM FOR RELIEF

**Unreasonable Search and Seizure—Denial of Medical Care (42 U.S.C. § 1983)**

(By Plaintiffs N.S.A. and J.G.A. against Defendants
DEPUTY L. MENDOZA, DEPUTY J. GILDO, and DOE DEPUTIES)

47.  Plaintiffs repeat and reallege each and every allegation in paragraphs 1 through 46 of this Complaint with the same force and effect as if fully set forth herein.

48.  The denial of medical care by Defendants DEPUTY L. MENDOZA, DEPUTY J. GILDO, and DOE DEPUTIES deprived DECEDENT of his right to be secure in his person against unreasonable searches and seizures as guaranteed to DECEDENT under the Fourth Amendment to the United States Constitution and applied to state actors by the Fourteenth Amendment.

49.  As a result of the foregoing, DECEDENT suffered great physical pain and emotional distress up to the time of his death, loss of enjoyment of life, loss of life, and loss of earning capacity.

///

///

COMPLAINT FOR DAMAGES

50.  Defendants DEPUTY L. MENDOZA, DEPUTY J. GILDO, and DOE DEPUTIES knew that failure to provide timely medical treatment to DECEDENT could result in further significant injury or the unnecessary and wanton infliction of pain, but disregarded that serious medical need, causing DECEDENT great bodily harm and death.

51.  The conduct of DEPUTY L. MENDOZA, DEPUTY J. GILDO, and DOE DEPUTIES was willful, wanton, malicious, and done with reckless disregard for the rights and safety of DECEDENT and therefore warrants the imposition of exemplary and punitive damages as to Defendants DEPUTY L. MENDOZA, DEPUTY J. GILDO, and DOE DEPUTIES.

52.  Plaintiffs N.S.A. and J.G.A. bring this claim in each case as a successor in interest to DECEDENT, and in each case seek both survival and wrongful death damages under this claim for relief.

53.  Plaintiffs also seek attorney fees under this claim.

## FOURTH CLAIM FOR RELIEF

### Interference with Familial Relationship (42 U.S.C. § 1983)

(By Plaintiffs N.S.A., J.G.A., ALFREDO ARCEO, and MARTHA TRUJILLO against Defendants DEPUTY L. MENDOZA, DEPUTY J. GILDO, and DOES 1-5)

54.  Plaintiffs repeat and reallege each and every allegation in paragraphs 1 through 53 of this Complaint with the same force and effect as if fully set forth herein.

-13-

55.  N.S.A. and J.G.A. had cognizable interests under the Due Process Clause of the Fourteenth Amendment of the United States Constitution to be free from state actions that deprive them of life, liberty, or property in such a manner as to shock the conscience, including but not limited to unwarranted state interference in Plaintiffs' familial relationship with their father, DECEDENT.

56.  ALFREDO ARCEO and MARTHA TRUJILLO had cognizable interests under the Due Process Clause of the Fourteenth Amendment of the United States Constitution to be free from state actions that deprive them of life, liberty, or property in such a manner as to shock the conscience, including but not limited to unwarranted state interference in Plaintiffs' familial relationship with their son, DECEDENT.

57.  The aforementioned actions of DEPUTY L. MENDOZA, DEPUTY J. GILDO, and DOE DEPUTIES, along with other undiscovered conduct, shock the conscience, in that they acted with deliberate indifference to the constitutional rights of DECEDENT and Plaintiffs, and with purpose to harm unrelated to any legitimate law enforcement objective.

58.  DEPUTY L. MENDOZA, DEPUTY J. GILDO, and DOE DEPUTIES thus violated the substantive due process rights of Plaintiffs to be free from unwarranted interference with their familial relationship with DECEDENT.

59.  As a direct and proximate cause of the acts of DEPUTY L. MENDOZA, DEPUTY J. GILDO, and DOE DEPUTIES, Plaintiffs suffered extreme and severe

COMPLAINT FOR DAMAGES

mental anguish. Plaintiffs have also been deprived of the life-long love, companionship, comfort, support, society, care, and sustenance of DECEDENT, and will continue to be so deprived for the remainder of their natural lives.

60.  In addition to the above stated damages, Plaintiffs N.S.A. and J.G.A. claim loss of financial support, and Plaintiffs ALFREDO ARCEO and MARTHA TRUJLLO claim funeral and burial expenses.

61.  The conduct of DEPUTY L. MENDOZA, DEPUTY J. GILDO, and DOE DEPUTIES was willful, wanton, malicious, and done with reckless disregard for the rights and safety of DECEDENT and Plaintiffs and therefore warrants the imposition of exemplary and punitive damages as to Defendants DEPUTY L. MENDOZA, DEPUTY J. GILDO, and DOE DEPUTIES.

62.  Plaintiffs seek attorney fees under this claim.

### FIFTH CLAIM FOR RELIEF

### Municipal Liability (42 U.S.C. § 1983)

(By Plaintiffs N.S.A. and J.G.A., against Defendant COUNTY)

63.  Plaintiffs repeat and reallege each and every allegation in paragraphs 1 through 62 of this Complaint with the same force and effect as if fully set forth herein.

64. On information and belief, Defendant's DEPUTY L. MENDOZA's unjustified shooting of DECEDENT was found to be within LASD policy by DOES 6 to 10.

-15-

65. On information and belief, Defendants DEPUTY L. MENDOZA's unjustified shooting of DECEDENT was ratified by LASD supervisorial officers, DOES 6 to 10.

66. On information and belief, Defendant DEPUTY L. MENDOZA was not disciplined for the unjustified shooting DECEDENT.

67. On and for some time prior to May 11, 2013 (and continuing to the present date), Defendant COUNTY, acting with gross negligence and with reckless and deliberate indifference to the rights and liberties of the public in general, and of Plaintiffs and DECEDENT, and of persons in their class, situation, and comparable position in particular, knowingly maintained, enforced and applied an official recognized custom, policy, and practice of:

> (a)  Employing and retaining as police officers and other personnel, including MENDOZA, GILDO and DOE DEPUTIES, whom Defendant COUNTY at all times material herein knew or reasonably should have known had dangerous propensities for abusing their authority and for mistreating citizens by failing to follow written LASD policies, including the use of excessive force;

> (b)  Of inadequately supervising, training, controlling, assigning, and disciplining COUNTY sheriff's deputies and other personnel, including MENDOZA, GILDO and DOE DEPUTIES, whom

COMPLAINT FOR DAMAGES

Defendant COUNTY knew or in the exercise of reasonable care should have known had the aforementioned propensities and character traits, including the propensity for violence and the use of excessive force;

(c)   By maintaining grossly inadequate procedures for reporting, supervising, investigating, reviewing, disciplining and controlling the intentional misconduct by Defendants MENDOZA, GILDO, and DOE DEPUTIES, who are sheriff's deputies and/or agents of COUNTY;

(d)   By failing to discipline COUNTY sheriff's deputies' and/or agents' conduct, including but not limited to, unlawful detention and excessive force;

(e)   By ratifying the intentional misconduct of MENDOZA, GILDO, and DOE DEPUTIES and other sheriff's deputies and/ or agents, who are sheriff's deputies and/or agents of COUNTY;

(f)   By having and maintaining an unconstitutional policy, custom, and practice of detaining and arresting individuals without probable cause or reasonable suspicion, and using excessive force, including deadly force, which also is demonstrated by inadequate training regarding these subjects. The policies, customs, and practices of Defendant COUNTY were maintained

-17-

with a deliberate indifference to individuals' safety and rights; and

(g)    By failing to properly investigate claims of unlawful detention and excessive force by COUNTY sheriff's deputies.

68.  By reason of the aforementioned policies and practices of Defendant COUNTY, DECEDENT was severely injured and subjected to pain and suffering and lost his life.

69.  Defendant COUNTY, together with various other officials, whether named or unnamed, had either actual or constructive knowledge of the deficient policies, practices and customs alleged in the paragraphs above.  Despite having knowledge as stated above, these defendants condoned, tolerated and through actions and inactions thereby ratified such policies.  Said defendants also acted with deliberate indifference to the foreseeable effects and consequences of these policies with respect to the constitutional rights of DECEDENT, Plaintiffs, and other individuals similarly situated.

70.  The policies, practices, and customs implemented, maintained, and still tolerated by Defendants COUNTY were affirmatively linked to and were a significantly influential force behind the injuries of DECEDENT and Plaintiffs.

71.  As the result of the aforementioned acts, omissions, systematic deficiencies, policies, procedures, customs and practices of defendant COUNTY, defendants MENDOZA, GILDA, and DOE DEPUTIES directly participated in the wrongful conduct

-18-

alleged in the Factual Allegations of this complaint or were integral participants in the wrongful conduct.

72. As a direct and proximate result of the aforementioned policies, procedures, customs, and practices of defendant COUNTY, DECEDENT suffered intense physical and emotional pain, anguish, distress and despair before his death and was deprived of his rights under the Fourth and Fourteenth Amendments to the United States Constitution.

73. By reason of the aforementioned acts and omissions of defendant COUNTY, Plaintiffs were required to retain counsel to institute and prosecute the within action, and Plaintiffs request payment by defendants of a reasonable sum as and for attorneys fees pursuant to 42 U.S.C. §1988.

## SIXTH CLAIM FOR RELIEF

### Wrongful Death

(By Plaintiffs N.S.A. and J.G.A. against all Defendants)

74. Plaintiffs repeat and reallege each and every allegation in paragraphs 1 through 73 of this Complaint with the same force and effect as if fully set forth herein.

75. N.S.A. and J.G.A. are the children of Rigoberto Arceo and his successor in interest under Code of Civil Procedure § 377.60(a).

76. The Defendants' wrongful conduct, as alleged above, caused the death of Rigoberto Arceo.

-19-

77. As a result of Defendants' wrongful conduct, which caused the death of Rigoberto Arceo, Plaintiffs N.S.A. and J.G.A. incurred damages including loss of love, companionship, loss of care, loss of moral support, loss of society, and loss of financial support.

78. The individual Defendants' wrongful conduct, in causing the death of Rigoberto Arceo, subjects them to personal liability.

79. The COUNTY is vicariously liable for wrongful death pursuant to section 815.2 of the Government Code, which provides that a public entity is liable for the injuries caused by its employees within the scope of the employment if the employee's act would subject him or her to liability.

## SEVENTH CLAIM FOR RELIEF

### Battery

(By Plaintiffs N.S.A. and J.G.A. against DEPUTY L. MENDOZA)

80. Plaintiffs repeat and reallege each and every allegation in paragraphs 1 through 79 of this Complaint with the same force and effect as if fully set forth herein.

81. DEPUTY L. MENDOZA, while working as sheriff's deputy for the LASD, and acting within the course and scope of his duties, intentionally shot DECEDENT.  DECEDENT did not verbal threaten or physically assault DEPUTY L. MENDOZA or anyone else.  DEPUTY L. MENDOZA had no legal justification

-20-

1   for using force against DECEDENT, and Defendant's use of force was unreasonable
2   under the circumstances.

3
4       82. As a result of the actions of DEPUTY L. MENDOZA, DECEDENT
5   sustained injuries and died from his injuries and also lost his earning capacity.
6   Plaintiffs N.S.A. and J.G.A. also have been deprived of the life-long love,
7
8   companionship, comfort, support, society, care and sustenance of DECEDENT, and
9   will continue to be so deprived for the remainder of their natural lives. Plaintiffs are
10   also claiming loss of financial support.

11
12       83. The COUNTY is vicariously liable for the wrongful acts of Defendant
13   DEPUTY L. MENDOZA pursuant to section 815.2(a) of the California Government
14   Code, which provides that a public entity is liable for the injuries caused by its
15
16   employees within the scope of the employment if the employee's act would subject
17   him or her to liability.

18       84. The conduct of DEPUTY L. MENDOZA was malicious, wanton,
19
20   oppressive, and  accomplished with a conscious disregard for the DECEDENT'S
21   rights, entitling Plaintiffs N.S.A. and J.G.A., in each case and as a successor-in-
22   interest to DECEDENT, to an award of exemplary and punitive damages as to
23
24   Defendant MENDOZA.

25       85. Plaintiffs N.S.A. and J.G.A., bring this claim in each case as a successor
26   in interest to DECEDENT, and in each case seek survival and wrongful death
27
28   damages under this claim for relief.

COMPLAINT FOR DAMAGES

**EIGHTH CLAIM FOR RELIEF**

**Negligence**

(By Plaintiffs N.S.A. and J.G.A. against All Defendants)

86. Plaintiffs repeat and reallege each and every allegation in paragraphs 1 through 85 of this Complaint with the same force and effect as if fully set forth herein.

87. The actions and inactions of Defendants were negligent and reckless, including but not limited to:

    (a)    the failure to properly and adequately assess the need to detain, arrest, and use force or deadly force against DECEDENT;

    (b)    the negligent tactics and handling of the situation with DECEDENT, including pre-shooting negligence;

    (c)    the negligent detention, arrest, and use of force, including deadly force, against DECEDENT;

    (d)    the failure to provide prompt medical care to DECEDENT; and

    (e)    the failure to properly train and supervise employees, including DEPUTY L. MENDOZA, DEPUTY J. GILDO, and DOE DEPUTIES in conducting felony traffic stops, detentions, apprehensions, and de-escalation tactics and thereby minimize the need to resort to force, including deadly force.

///

-22-

88. As a direct and proximate result of Defendants' conduct as alleged above, and other undiscovered negligent conduct, DECEDENT was caused to suffer injuries that caused his death.  The minor Plaintiffs also have been deprived of the life-long love, companionship, comfort, support, society, care and sustenance of DECEDENT, and will continue to be so deprived for the remainder of their natural lives.  Plaintiffs also are claiming loss of financial support.

89. The COUNTY is vicariously liable for the wrongful acts of Defendants MENDOZA, GILDO, and DOE DEPUTIES pursuant to section 815.2(a) of the California Government Code, which provides that a public entity is liable for the injuries caused by its employees within the scope of the employment if the employee's act would subject him or her to liability.

90. Plaintiffs N.S.A. and J.G.A. bring this claim in each case as successor in interest to the DECEDENT, and in each case seek survival and wrongful death damages under this claim for relief.

## NINTH CLAIM FOR RELIEF

### Negligence–Bystander

(By Plaintiffs MARTHA TRUJILLO, MARIA ARCEO, and PATRICIA
ARCEO Against Defendants COUNTY, MENDOZA, GILDO,
and DOE DEPUTIES)

91.  Plaintiffs repeat and re-allege each and every allegation in paragraphs 1 to 26 and 86 to 90 of this Complaint with the same force and effect as if fully set forth herein.

-23-

92.  Defendants L. MENDOZA, J. GILDO, and DOE DEPUTIES, while working as sheriff's deputies for the LASD and while acting within the course and scope of their duties, negligently and carelessly inflicted such emotional distress when they caused the injuries and death of DECEDENT in the presence MARTHA TRUJILLO, MARIA ARCEO, and PATRICIA ARCEO .

93.  Plaintiffs MARTHA TRUJILLO, MARIA ARCEO, and PATRICIA ARCEO were present and in close proximity to the scene when the shooting of DECEDENT occurred.  MARTHA TRUJILLO, MARIA ARCEO, and PATRICIA ARCEO were aware that DECEDENT was being injured at the time of the shooting.

94.  As a direct and proximate cause of Defendants' conduct, Plaintiffs MARTHA TRUJILLO, MARIA ARCEO, and PATRICIA ARCEO were caused to suffer severe emotional distress, including but not limited to anxiety, anguish, fear, and other injuries to their nervous system.

95. MARTHA TRUJILLO was the mother of DECEDENT.  MARIA ARCEO and PATRICIA ARCEO are DECEDENT's sisters.

96. Plaintiffs MARTHA TRUJILLO, MARIA ARCEO, and PATRICIA ARECO bring this claim in their individual capacity.

///

///

///

COMPLAINT FOR DAMAGES

1

## PRAYER FOR RELIEF

2      WHEREFORE, Plaintiffs request entry of judgment in their favor and against

3

Defendants the County of Los Angeles, Deputy L. Mendoza, Deputy J. Gildo, and

4

5      Does 1 to 10, inclusive, as follows:

6             A.    For compensatory damages, including both survival damages and

7                   wrongful death damages under federal and state law, in the

8
                    amount to be proven at trial;
9

10            B.    For funeral and burial expenses, and loss of financial support;

11
              C.    For punitive damages against the individual defendants in an
12
13                  amount to be proven at trial;

14            D.    For interest;

15
              E.    For reasonable costs of this suit and attorneys' fees; and
16

17            F.    For such further other relief as the Court may deem just, proper,

18                  and appropriate.

19

20    DATED:  November 18, 2013        LAW OFFICES OF DALE K. GALIPO

21                                     LAW OFFICES OF VICKI I. SARMIENTO

22

23

24    By _____

                VICKI I. SARMIENTO
25              Attorneys for Plaintiffs

26

27

28

-25-

COMPLAINT FOR DAMAGES

1

## **DEMAND FOR JURY TRIAL**

2
     Plaintiffs hereby demand a trial by jury.

3

4
DATED:  November 18, 2013     LAW OFFICES OF DALE K. GALIPO

5
                              LAW OFFICES OF VICKI I. SARMIENTO

6

7

8
               By

9
                   VICKI I. SARMIENTO
                   Attorneys for Plaintiffs

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

-26-

COMPLAINT FOR DAMAGES

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

### NOTICE OF ASSIGNMENT TO UNITED STATES JUDGES

This case has been assigned to District Judge _____R. Gary Klausner_____ and the assigned
Magistrate Judge is _____Jacqueline Chooljian_____ .

The case number on all documents filed with the Court should read as follows:

## 2:13CV8812 RGK JCx

Pursuant to General Order 05-07 of the United States District Court for the Central District of
California, the Magistrate Judge has been designated to hear discovery related motions.

All discovery related motions should be noticed on the calendar of the Magistrate Judge.

Clerk, U. S. District Court

_____December 9, 2013_____

Date

By __J.Prado_____

Deputy Clerk

### NOTICE TO COUNSEL

*A copy of this notice must be served with the summons and complaint on all defendants (if a removal action is*
*filed, a copy of this notice must be served on all plaintiffs).*

**Subsequent documents must be filed at the following location:**

| | | |
|---|---|---|
| [x] Western Division | [ ] Southern Division | [ ] Eastern Division |
| 312 N. Spring Street, G-8 | 411 West Fourth St., Ste 1053 | 3470 Twelfth Street, Room 134 |
| Los Angeles, CA 90012 | Santa Ana, CA 92701 | Riverside, CA 92501 |

**Failure to file at the proper location will result in your documents being returned to you.**

Dale K. Galipo, Esq. (SBN 144074)
LAW OFFICES OF DALE K. GALIPO
21800 Burbank Boulevard, Suite 310
Woodland Hills, California 91367
Telephone: (818) 347-3333
Facsimile: (818) 347-4118

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| N.S.A. and J.G.A., both as minors by and through their guardian ad litem Crystal Marmolejo, in each case individually and as a successor in interest to Rigoberto Arceo, deceased; ALFREDO ARCEO, individually; MARTHA TRUJILLO, individually; MARIA ARCEO, individually; and PATRICIA ARCEO, individually PLAINTIFF(S) <br><br> v. <br><br> COUNTY OF LOS ANGELES;DEPUTY L. MENDOZA;DEPUTY J. GILDO; and DOES 1-10,inclusive, <br><br> DEFENDANT(S). | CASE NUMBER <br><br> CV13-8812 MMM(JCx) <br><br><br> SUMMONS |

TO:  DEFENDANT(S):County of Los Angeles; Deputy L. Mendoza; Deputy J. Gildo; and DOES 1-10,inclusive

A lawsuit has been filed against you.

Within __21__ days after service of this summons on you (not counting the day you received it), you must serve on the plaintiff an answer to the attached ☑ complaint ☐ _____ amended complaint ☐ counterclaim ☐ cross-claim or a motion under Rule 12 of the Federal Rules of Civil Procedure.  The answer or motion must be served on the plaintiff's attorney, _Dale K. Galipo, Esq._____, whose address is _21800 Burbank Boulevard, Suite 310, Woodland Hills, California 91367_____.  If you fail to do so, judgment by default will be entered against you for the relief demanded in the complaint.  You also must file your answer or motion with the court.

DEC 9 2013

Clerk, U.S. District Court

Dated: _____

By: _____
Deputy Clerk

(Seal of the Court)

*[Use 60 days if the defendant is the United States or a United States agency, or is an officer or employee of the United States.  Allowed 60 days by Rule 12(a)(3)].*

CV-01A (10/11)                                    SUMMONS

**CIVIL COVER SHEET**

## I. (a) PLAINTIFFS ( Check box if you are representing yourself ☐ )

N.S.A. and J.G.A., both as minors by and through their guardian ad litem Crystal Marmolejo, in each case individually and as a successor in interest to Rigoberto Arceo, deceased; Alfredo Arceo, individually; Martha Trujillo, individually; Maria Arceo, individually; and Patricia Arceo, individually

### DEFENDANTS ( Check box if you are representing yourself ☐ )

COUNTY OF LOS ANGELES; DEPUTY L. MENDOZA; DEPUTY J. GILDO; and DOES 1-10, inclusive.

## (b) Attorneys (Firm Name, Address and Telephone Number. If you are representing yourself, provide same.)

LAW OFFICES OF DALE K. GALIPO
21800 Burbank Boulevard, Suite 310
Woodland Hills, California 91367
Telephone: (818) 347-3333; Facsimile: (818) 347-4118

### (b) Attorneys (Firm Name, Address and Telephone Number. If you are representing yourself, provide same.)

## II. BASIS OF JURISDICTION (Place an X in one box only.)

☐ 1. U.S. Government Plaintiff
☒ 3. Federal Question (U.S. Government Not a Party)
☐ 2. U.S. Government Defendant
☐ 4. Diversity (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES-For Diversity Cases Only
(Place an X in one box for plaintiff and one for defendant)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business in this State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business in Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. ORIGIN (Place an X in one box only.)

☒ 1. Original Proceeding
☐ 2. Removed from State Court
☐ 3. Remanded from Appellate Court
☐ 4. Reinstated or Reopened
☐ 5. Transferred from Another District (Specify)
☐ 6. Multi-District Litigation

## V. REQUESTED IN COMPLAINT: JURY DEMAND: ☒ Yes ☐ No   (Check "Yes" only if demanded in complaint.)

CLASS ACTION under F.R.Cv.P. 23: ☐ Yes ☒ No   ☐ MONEY DEMANDED IN COMPLAINT: $ According to proof

## VI. CAUSE OF ACTION (Cite the U.S. Civil Statute under which you are filing and write a brief statement of cause. Do not cite jurisdictional statutes unless diversity.)

Civil Rights / Wrongful Death (42 U.S.C. § 1983)

## VII. NATURE OF SUIT (Place an X in one box only).

| OTHER STATUTES | CONTRACT | REAL PROPERTY CONT. | IMMIGRATION | PRISONER PETITIONS | PROPERTY RIGHTS |
|---|---|---|---|---|---|
| ☐ 375 False Claims Act | ☐ 110 Insurance | ☐ 240 Torts to Land | ☐ 462 Naturalization Application | **Habeas Corpus:** | ☐ 820 Copyrights |
| ☐ 400 State Reapportionment | ☐ 120 Marine | ☐ 245 Tort Product Liability | ☐ 465 Other Immigration Actions | ☐ 463 Alien Detainee | ☐ 830 Patent |
| ☐ 410 Antitrust | ☐ 130 Miller Act | ☐ 290 All Other Real Property | | ☐ 510 Motions to Vacate Sentence | ☐ 840 Trademark |
| ☐ 430 Banks and Banking | ☐ 140 Negotiable Instrument | **TORTS** | | ☐ 530 General | **SOCIAL SECURITY** |
| ☐ 450 Commerce/ICC Rates/Etc. | ☐ 150 Recovery of Overpayment & Enforcement of Judgment | **PERSONAL INJURY** | **TORTS PERSONAL PROPERTY** | ☐ 535 Death Penalty | ☐ 861 HIA (1395ff) |
| ☐ 460 Deportation | | ☐ 310 Airplane | ☐ 370 Other Fraud | **Other:** | ☐ 862 Black Lung (923) |
| ☐ 470 Racketeer Influenced & Corrupt Org. | ☐ 151 Medicare Act | ☐ 315 Airplane Product Liability | ☐ 371 Truth in Lending | ☐ 540 Mandamus/Other | ☐ 863 DIWC/DIWW (405 (g)) |
| ☐ 480 Consumer Credit | ☐ 152 Recovery of Defaulted Student Loan (Excl. Vet.) | ☐ 320 Assault, Libel & Slander | ☐ 380 Other Personal Property Damage | ☐ 550 Civil Rights | ☐ 864 SSID Title XVI |
| ☐ 490 Cable/Sat TV | | ☐ 330 Fed. Employers' Liability | ☐ 385 Property Damage Product Liability | ☐ 555 Prison Condition | ☐ 865 RSI (405 (g)) |
| ☐ 850 Securities/Commodities/Exchange | ☐ 153 Recovery of Overpayment of Vet. Benefits | ☐ 340 Marine | **BANKRUPTCY** | ☐ 560 Civil Detainee Conditions of Confinement | **FEDERAL TAX SUITS** |
| ☐ 890 Other Statutory Actions | ☐ 160 Stockholders' Suits | ☐ 345 Marine Product Liability | ☐ 422 Appeal 28 USC 158 | **FORFEITURE/PENALTY** | ☐ 870 Taxes (U.S. Plaintiff or Defendant) |
| ☐ 891 Agricultural Acts | ☐ 190 Other Contract | ☐ 350 Motor Vehicle | ☐ 423 Withdrawal 28 USC 157 | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 871 IRS-Third Party 26 USC 7609 |
| ☐ 893 Environmental Matters | ☐ 195 Contract Product Liability | ☐ 355 Motor Vehicle Product Liability | **CIVIL RIGHTS** | ☐ 690 Other | |
| ☐ 895 Freedom of Info. Act | ☐ 196 Franchise | ☐ 360 Other Personal Injury | ☒ 440 Other Civil Rights | **LABOR** | |
| ☐ 896 Arbitration | **REAL PROPERTY** | ☐ 362 Personal Injury-Med Malpratice | ☐ 441 Voting | ☐ 710 Fair Labor Standards Act | |
| ☐ 899 Admin. Procedures Act/Review of Appeal of Agency Decision | ☐ 210 Land Condemnation | ☐ 365 Personal Injury-Product Liability | ☐ 442 Employment | ☐ 720 Labor/Mgmt. Relations | |
| | ☐ 220 Foreclosure | ☐ 367 Health Care/ Pharmaceutical Personal Injury Product Liability | ☐ 443 Housing/ Accomodations | ☐ 740 Railway Labor Act | |
| ☐ 950 Constitutionality of State Statutes | ☐ 230 Rent Lease & Ejectment | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 445 American with Disabilities-Employment | ☐ 751 Family and Medical Leave Act | |
| | | | ☐ 446 American with Disabilities-Other | ☐ 790 Other Labor Litigation | |
| | | | ☐ 448 Education | ☐ 791 Employee Ret. Inc. Security Act | |

FOR OFFICE USE ONLY:   Case Number: CV13-8812

AFTER COMPLETING PAGE 1 OF FORM CV-71, COMPLETE THE INFORMATION REQUESTED ON PAGE 2.

UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA
CIVIL COVER SHEET

**VIII(a). IDENTICAL CASES:** Has this action been previously filed in this court and dismissed, remanded or closed? ☒ NO ☐ YES

If yes, list case number(s): _____

**VIII(b). RELATED CASES:** Have any cases been previously filed in this court that are related to the present case? ☐ NO ☒ YES

If yes, list case number(s): CV 13-05507 MMM (JCGx)

Civil cases are deemed related if a previously filed case and the present case:

(Check all boxes that apply) ☒ A. Arise from the same or closely related transactions, happenings, or events; or

☐ B. Call for determination of the same or substantially related or similar questions of law and fact; or

☐ C. For other reasons would entail substantial duplication of labor if heard by different judges; or

☐ D. Involve the same patent, trademark or copyright, _and_ one of the factors identified above in a, b or c also is present.

**IX. VENUE:** (When completing the following information, use an additional sheet if necessary.)

(a) List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which **EACH** named plaintiff resides.

☐ Check here if the government, its agencies or employees is a named plaintiff. If this box is checked, go to item (b).

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| Los Angeles | |

(b) List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which **EACH** named defendant resides.

☒ Check here if the government, its agencies or employees is a named defendant. If this box is checked, go to item (c).

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| Los Angeles | |

(c) List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which **EACH** claim arose.
NOTE: In land condemnation cases, use the location of the tract of land involved.

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| Los Angeles | |

*Los Angeles, Orange, San Bernardino, Riverside, Ventura, Santa Barbara, or San Luis Obispo Counties
Note: In land condemnation cases, use the location of the tract of land involved.

**X. SIGNATURE OF ATTORNEY (OR SELF-REPRESENTED LITIGANT):** _____ DATE: 11/27/2013

Notice to Counsel/Parties: The CV-71 (JS-44) Civil Cover Sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law. This form, approved by the Judicial Conference of the United States in September 1974, is required pursuant to Local Rule 3-1 is not filed but is used by the Clerk of the Court for the purpose of statistics, venue and initiating the civil docket sheet. (For more detailed instructions, see separate instructions sheet)

Key to Statistical codes relating to Social Security Cases:

| Nature of Suit Code | Abbreviation | Substantive Statement of Cause of Action |
|---|---|---|
| 861 | HIA | All claims for health insurance benefits (Medicare) under Title 18, Part A, of the Social Security Act, as amended. Also, include claims by hospitals, skilled nursing facilities, etc., for certification as providers of services under the program. (42 U.S.C. 1935FF(b)) |
| 862 | BL | All claims for "Black Lung" benefits under Title 4, Part B, of the Federal Coal Mine Health and Safety Act of 1969. (30 U.S.C. 923) |
| 863 | DIWC | All claims filed by insured workers for disability insurance benefits under Title 2 of the Social Security Act, as amended; plus all claims filed for child's insurance benefits based on disability. (42 U.S.C. 405 (g)) |
| 863 | DIWW | All claims filed for widows or widowers insurance benefits based on disability under Title 2 of the Social Security Act, as amended. (42 U.S.C. 405 (g)) |
| 864 | SSID | All claims for supplemental security income payments based upon disability filed under Title 16 of the Social Security Act, as amended. |
| 865 | RSI | All claims for retirement (old age) and survivors benefits under Title 2 of the Social Security Act, as amended. (42 U.S.C. 405 (g)) |